**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:15-cv-22763-KMM

CHRIS WILLIAMS & KATRINA WILLIAMS,

    Plaintiffs,

v.

CARNIVAL CORPORATION d/b/a
CARNIVAL CRUISE LINES,

    Defendant.
_____/

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS COUNT III OF
PLAINTIFFS' SECOND AMENDED COMPLAINT**

THIS CAUSE came before the Court upon Defendant Carnival Corporation's ("Carnival") Motion to Dismiss Count III of Plaintiff's Second Amended Complaint (ECF No. 27). Plaintiffs, husband and wife, Chris Williams and Katrina Williams ("Plaintiffs") filed a Response (ECF No. 28) and Carnival replied (ECF No. 29). Therefore, the Motion is ripe for review. Upon consideration of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, the Court grants Carnival's Motion to Dismiss Count III.

**I.   BACKGROUND**

This is a maritime personal injury action brought by Plaintiffs against Carnival seeking recovery for damages allegedly sustained by Plaintiff Chris Williams while aboard Carnival's cruise ship, the Carnival *Conquest*. Plaintiffs filed a three-count Second Amended Complaint (the "Complaint") against Carnival on September 30, 2015, asserting claims of negligence (Counts I and II) and loss of consortium (Count III). *See* Pls.' Second Am. Compl. (ECF No. 24). Specifically, Plaintiffs allege that the medical treatment provided to Chris Williams during

the course of the subject voyage deviated from acceptable care standards and caused him to suffer permanent and debilitating neurological damage.  *Id.* ¶¶ 8–11.  Plaintiffs also assert that as a result of the alleged injuries sustained by Chris Williams, his wife, Katrina Williams, has a derivative claim for loss of consortium.  *Id.* ¶¶ 21–23.  Carnival now moves to dismiss Plaintiffs' loss of consortium claim (Count III) for failure to state a claim.

## II.     STANDARD OF REVIEW

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).  The purpose of this requirement is "to give the defendant fair notice of what the claim is and the grounds upon which it rests."  *Twombly*, 550 U.S. at 555.  When considering a motion to dismiss, the court must accept all of the plaintiff's allegations as true, construing them in the light most favorable to the plaintiff.  *Pielage v. McConnell,* 516 F.3d 1282, 1284 (11th Cir. 2008).

A complaint must also contain enough facts to indicate the presence of the required elements.  *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1302 (11th Cir. 2007).  However, "[a] pleading that offers 'a formulaic recitation of elements of a cause of action will not do.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  "[C]onclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts will not prevent dismissal."  *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

## III.    DISCUSSION

Carnival argues in its motion that, under binding Eleventh Circuit precedent, loss of consortium claims are not recognized under general maritime law.  In response, Plaintiffs' argue

that the Supreme Court's decision in *Atlantic Sounding Co. v. Townsend*, 557 U.S. 404 (2009) lifts the prohibition on loss of consortium claims in non-fatal personal injury maritime cases. Having conducted an extensive review of the relevant case law, the Court agrees with Carnival that general maritime law does not permit loss of consortium claims for cruise line passengers.

### A.    Loss of Consortium Claims Are Prohibited Under General Maritime Law

As an initial matter, there is no dispute that general maritime law governs this case.[1]  The Eleventh Circuit has expressly stated that "neither the Jones Act nor general maritime law authorizes recovery for loss of society or consortium in personal injury cases." *Lollie v. Brown Marine Serv., Inc.*, 995 F.2d 1565, 1565 (11th Cir. 1993) (per curiam); *see also In re Amtrak Sunset Ltd.*, 121 F.3d 1421, 1429 (11th Cir. 1997).  Similarly, the Supreme Court held, in an action involving the death of a seaman, that nonpecuniary damages such as loss of consortium are not recoverable under the Jones Act or in a general maritime action. *Miles v. Apex Marine Corp.*, 498 U.S. 19, 33 (1990).

Plaintiffs' argument that *Townsend* displaces *Miles* and pre-2009 Eleventh Circuit precedent on the issue of whether loss of consortium is recoverable in a general maritime action is without merit.  In *Townsend*, the Supreme Court held punitive damages could be recovered in a maintenance and cure action because the "Jones Act preserves common-law causes of action such as maintenance and cure" and does not limit the remedies in those actions. *Townsend*, 557 U.S. at 417.  Notably, *Townsend* did not overturn *Miles*, *see id.* at 420; instead the Court

---

[1] Although Plaintiffs alleged diversity of citizenship as a basis for the Court's subject matter jurisdiction in the Second Amended Complaint, "federal maritime law governs the substantive issues" here.  *Everett v. Carnival Cruise Lines*, 912 F.2d 1355, 1358 (11th Cir. 1990) ("Even when the parties allege diversity of citizenship as the basis of the federal court's jurisdiction (as they did in this case), if the injury occurred on navigable waters, federal maritime law governs the substantive issues in the case."); *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1320–21 (11th Cir. 1989).

distinguished *Miles* on the grounds that "*Miles* does not address either maintenance and cure actions in general or the availability of punitive damages for such actions." *Id.* at 419.

Although this Court recognizes that the Eleventh Circuit has not had the opportunity to address loss of consortium claims for personal injury suffered by nonseafarers in the wake of *Townsend*, there is a formidable amount of authority that such claims remain prohibited under general maritime law. *See e.g.*, *McBride v. Estis Well Serv., L.L.C*., 768 F.3d 382, 391 (5th Cir. 2014) (en banc) ("On the subject of recoverable damages in a wrongful death case under the Jones Act and the general maritime law, [Congress] has limited . . . recovery to pecuniary losses. Appellants have suggested no reason this holding and analysis would not apply equally to . . . claims for personal injury."); *Doyle v. Graske*, 579 F.3d 898, 908 (8th Cir. 2009) (agreeing "with the Fifth and Ninth Circuits that general maritime law does not allow recovery of loss-of-consortium damages by the spouses of nonseafarers negligently injured beyond the territorial waters of the United States"); *Friedhofer v. NCL (Bahamas) Ltd*., No. 14-23294-CIV, 2015 WL 588642, at *1 (S.D. Fla. Jan. 22, 2015) ("As pronounced by this Court, general maritime law does not recognize a cause of action for loss of consortium."); *Gandhi v. Carnival Corp*., No. 13-24509-CIV, 2014 WL 1028940, at *4 (S.D. Fla. Mar. 14, 2014) (same); *Moorer v. MSC Crociere S.A*., No. 10-62176-CIV, 2011 WL 2069200, at *1 (S.D. Fla. Apr. 11, 2011) ("It is well-settled, under actions governed by general maritime law, loss of consortium claims are not permitted."); *Ridley v. NCL (Bahamas) Ltd*., 824 F. Supp. 2d 1355, 1363 (S.D. Fla. 2010) (holding that "loss of consortium is not recognized under general maritime law"); *Rinker v. Carnival Corp.*, No. 09-23154-CIV, 2010 WL 9530327, at *6 (S.D. Fla. June 18, 2010).

Despite Plaintiffs' assertions, the Court agrees with the overwhelming majority of courts within the Eleventh Circuit that *Townsend* did not derail the precedential value of *Lollie* and *In re Amtrak*. There are no circumstances present that would warrant departure from this line of reasoning. Moreover, allowing recovery in this case would entail that cruise line passengers would be in a better position to recover damages than family members of injured seaman whose damages are expressly limited by the Jones Act. Such a result is not only untenable, but runs counter to the principles of uniformity in maritime law recognized in *Miles*. *Miles*, 498 U.S. at 33; *see also Franza v. Royal Caribbean Cruises, Ltd*., 772 F.3d 1225, 1239 (11th Cir. 2014) ("Uniformity is a powerful and motivating concern in federal admiralty jurisdiction."); *Tammy v. Carnival Cruise Lines*, No. CV134716JLLJAD, 2015 WL 7069654, at *10 (D.N.J. Nov. 13, 2015) ("Uniformity would hardly exist . . . if a plaintiff could recover loss of consortium damages for an injured cruise ship passenger, but could not recover those same losses for a deceased seaman.").

**IV.   CONCLUSION**

For the foregoing reasons, it is ORDERED AND ADJUDGED that Defendants' Motion to Dismiss Count III Plaintiff's Amended Complaint (ECF No. 25) is GRANTED. COUNT III of Plaintiffs' Second Amended Complaint is DISMISSED WITH PREJUDICE.

DONE AND ORDERED in Chambers at Miami, Florida, this  21st  day of January, 2016.

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　K. MICHAEL MOORE
　　　　　　　　　　　　　　　　　　　　CHIEF UNITED STATES DISTRICT JUDGE

c:   All counsel of record